IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:25CR44** |
| vs. | |
| KEITH E. MCDOUGALD | **ORDER** |
| Defendant. | |

This matter comes before the court on defense counsel's Motion to Withdraw as Attorney (Filing No. 120). The motion is denied as premature. Rule 27B(a) of the Eighth Circuit's Local Rules provides:

> (a) Notices of Appeal. Retained counsel in criminal cases, and counsel appointed to represent a party pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A, Federal Rule of Criminal Procedure 44, or the inherent power of a federal court, must file a notice of appeal upon their client's request. Defendant's trial counsel, whether retained or appointed, must represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw.

> (b) Motions to Withdraw. A motion to withdraw on the ground that in counsel's opinion there are no non-frivolous issues to be urged on appeal must be accompanied by a brief prepared in accordance with the procedures enunciated in Anders v. California, 386 U.S. 738 (1967), and Robinson v. Black, 812 F.2d 1084 (8th Cir. 1987). A motion to withdraw on any other ground will only be granted for good cause shown, and will rarely be granted unless another attorney has entered an appearance for the defendant on appeal or another attorney has agreed to represent the defendant on appeal and the defendant has consented to the appearance of that new attorney.

8th Cri. R. 27B(a).

Defense counsel was appointed to represent Defendant Keith McDougald in this matter on April 21, 2025, pursuant to the Criminal Justice Act. Counsel entered his appearance that same day. (Filing No. 34 and 35). Defendant entered pleas of guilty to the charged offenses and was sentenced on June 25, 2026, with judgment entering that same day. (Filing No. 115 and 116). It is not clear in the motion whether an appeal will be pursued, but it is appointed counsel's responsibility to do so upon his client's request. Should counsel wish to withdraw, that request

must be made to the Court of Appeals. The court further finds there has been no showing of independent good cause in the motion to warrant withdrawal at this time.

Accordingly, the Motion to Withdraw (Filing No. 120) is denied.

Dated this 9th day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge